■ In the Matter of LANA ROSEN, Appellant, v ROBERT GOLD-HABER, Respondent. In the Matter of ROBERT GOLDHABER, Respondent, v LANA ROSEN, Appellant. [901 NYS2d 380]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her notice of appeal and brief, from so much of an order of the Family Court, Suffolk County (Boggio, Ct. Atty. Ref.), dated June 30, 2009, as, after a hearing, in effect, granted that branch of the father's petition which was for additional parenting time to the extent of awarding him overnight parenting time every Tuesday and Thursday night, and denied that branch of her petition which was to modify the custody provisions of a stipulation of settlement, which was incorporated but not merged into a judgment of divorce of the Supreme Court, Suffolk County (Rebolini, J.), entered October 28, 2005, so as to award her sole custody of the parties' children.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the father overnight parenting time every Tuesday and Thursday night and substituting therefor provisions awarding the father overnight parenting time on Tuesdays and Thursdays in those alternate weeks in which he does not have overnight parenting time with the children from the following Friday evening until Monday morning, extending the father's parenting time until 8:30 P.M. on Tuesdays and Thursdays in the weeks following the weekends in which he does not have the children with him, and directing the father to bring the parties' daughter Hannah to all of her gymnastics meets and practices as well as Hebrew School on Sundays, which occur during his parenting time; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

To modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Fallarino v Ayala*, 41 AD3d 714, 714-715 [2007]; *Pambianchi v Goldberg*, 35 AD3d 688, 689 [2006]; *Matter of Strand-O'Shea v O'Shea*, 32 AD3d 398, 398 [2006]). "Custody determinations depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" (*Matter of McGee v Patron*, 58 AD3d 633, 633 [2009]; *see Matter of Brian S. v Stephanie P.*, 34 AD3d 685, 686 [2006]). A custody determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Rodriguez v Irizarry*, 29 AD3d 704 [2006]; *Neuman v Neuman*, 19 AD3d 383, 384 [2005]).

Contrary to the mother's contentions, the record supports the Family Court's determination that she failed to demonstrate a change of circumstances warranting a modification of custody (*see Matter of Watson v Smith*, 52 AD3d 615, 616 [2008]; *Marcantonio v Marcantonio*, 307 AD2d 740, 741 [2003]).

Although the father sought only to increase his parenting time by 30 minutes on Tuesday and Thursday nights and did not request midweek overnight parenting time in his petition, the Family Court properly considered his oral request during the hearing for such overnight parenting time. "[P]ursuant to CPLR 3017 (a), a court may award undemanded relief if there is no substantial prejudice to an adverse party" (*Torre v Giorgio*, 51 AD3d 1010, 1011 [2008]). Under the circumstances of this case, the mother suffered no substantial prejudice, since the father's petition provided her with clear notice that he was

seeking an increase in his parenting time on Tuesday and Thursday evenings. Moreover, the mother had sufficient opportunity to present testimony and evidence relevant to whether overnight parenting time would be in the best interests of the children (*see Matter of Heintz v Heintz*, 28 AD3d 1154, 1155 [2006]). Additionally, the father satisfied his burden of showing that there had been a change in circumstances such that some increase in his parenting time was necessary to ensure the continued best interests of the children by allowing them to spend quality, meaningful time with him and his family. However, the Family Court improvidently exercised its discretion in awarding the father overnight parenting time in those alternate weeks in which he also had the children from Friday evening through Monday morning, as such an arrangement would effectively give him overnight parenting time for almost that entire week. The Family Court should also have directed the father to bring Hannah to her gymnastics meets and practices, as well as to Hebrew School on Sundays, when those activities fall within his parenting time (*see* Family Ct Act § 467 [b] [ii]; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]; *Matter of Ammirata v Ammirata*, 49 AD3d 829 [2008]; *see also Matter of Sullivan v Sullivan*, 40 AD3d 865, 866-867 [2007]). Rivera, J.P., Florio, Miller and Austin, JJ., concur.