■ In the Matter of LORRAINE L. MAHONEY, Appellant, v STEVEN J. REGAN, Respondent. [955 NYS2d 241]—

Mercure, J.P. Appeal from an order of the Supreme Court (Lawliss, J.), entered October 19, 2011 in Clinton County, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties were married in 1993 and divorced in 2010. Petitioner (hereinafter the mother) commenced this proceeding pursuant to Family Ct Act article 6, seeking an order modifying the custody and visitation provisions of the judgment of divorce. Pursuant to a separation agreement that was incorporated, but not merged, into the parties' judgment of divorce, the mother and respondent (hereinafter the father) shared joint legal and physical custody of the parties' three children (born in 1996, 1999 and 2004). The mother now seeks sole legal and physical custody of the children.

Following a trial and *Lincoln* hearing, Supreme Court determined that the inability of the parties to effectively communicate warranted modification of the judgment of divorce. The court awarded the mother sole legal and physical custody of the eldest child, awarded the father sole legal and physical custody of the two younger children, and issued a revised visitation schedule. The mother appeals and we now affirm.

The parties are in agreement that the continued deterioration of their relationship and their current inability to communicate effectively both render joint custody infeasible and constitute a change in circumstances warranting modification of the prior custody agreement (*see Matter of Rosi v Moon*, 84 AD3d 1445, 1446 [2011]; *Matter of Claflin v Giamporcaro*, 75 AD3d 778, 779-780 [2010], *lv denied* 15 NY3d 710 [2010]). "Once [Supreme] Court determined that 'joint custody was not feasible, it was incumbent upon [the court] to determine a custodial arrange-

ment based upon the best interests of the child[ren] despite the absence' of a petition definitively seeking sole custody, since the mother was clearly on notice that both legal and [physical] custody were at issue" through her own petition, as well as the testimony of both parties (*Matter of Kowatch v Johnson*, 68 AD3d 1493, 1495 [2009], *lv denied* 14 NY3d 704 [2010], quoting *Matter of Scala v Parker*, 304 AD2d 858, 860 [2003]; *cf. Matter of Joseph A. v Jaimy B.*, 81 AD3d 1219, 1220 [2011]; *Matter of Adams v Bracci*, 61 AD3d 1065, 1067 [2009], *lv denied* 12 NY3d 712 [2009]). In determining the appropriate modification, relevant "factors to be considered include maintaining stability in the children's lives, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the children's intellectual and emotional development" (*Matter of Kowatch v Johnson*, 68 AD3d at 1495 [internal quotation marks and citation omitted]; *see Matter of Eck v Eck*, 57 AD3d 1243, 1244 [2008]).

In our view, Supreme Court considered all of the relevant factors, as well as the children's views, and ample evidence supports the determination awarding sole legal and physical custody of the two younger children to the father, despite his failure to reimburse the mother for certain expenses and his refusal to communicate with her by telephone. While the court concluded that both parents are capable of meeting the needs of the children, the record supports the court's findings that the mother had caused the breakdown in communication by her repeated displays of hostile behavior toward the father. Moreover, she lacked insight into the importance of the children's relationship with the father and the impact of her behavior on them, and was "prone to use the children as pawns to score points in what she perceives to be a contest between herself and the father." For example, as the court noted, the mother contacted the State Police and incorrectly reported that the father was driving while intoxicated with one of the children in the vehicle, and the father has been reported to Child Protective Services on four occasions, resulting in investigations that determined the claims to be unfounded. In contrast, the father—who continues to reside in the former marital home—recognized the important role that the mother played in the children's lives, and demonstrated a willingness to foster a positive relationship with her and to consent to whatever visitation the court deemed appropriate. Giving due deference to Supreme Court's determination that the mother's testimony was often lacking in credibility, there is a sound and substantial basis to support the court's decision (*see Hughes v Gallup-Hughes*, 90 AD3d 1087,

1089-1090 [2011]; *Matter of Eck v Eck*, 57 AD3d at 1244-1245; *see also Jeannemarie O. v Richard P.*, 94 AD3d 1346, 1348 [2012]).

The mother's remaining contentions have been considered and found to be lacking in merit.

Rose, Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.