In the Matter of NISEEKAH YEHUDAH, Respondent, v BRAUCH YEHUDAH, Appellant. [42 NYS3d 212]—

Appeal by the father from an order of the Family Court, Queens County (John M. Hunt, J.), dated June 12, 2014. The order, after a hearing, granted the mother's petition for sole legal and physical custody of the parties' children, with visitation to the father, and, in effect, denied the father's petition for custody of the subject children.

Ordered that the order is affirmed, without costs or disbursements.

The parties are married and are the parents of five children. On February 28, 2013, the mother left the marital home with the children and relocated to a domestic violence shelter. The parties both filed petitions for custody and, following a fact-finding hearing, the Family Court awarded custody to the mother, with visitation to the father. On appeal, the father does not dispute that the award of custody to the mother was supported by a sound and substantial basis in the record. Instead, he contends, among other things, that he was deprived of his right to a fair fact-finding hearing.

The issues raised by the father regarding the temporary orders of visitation granting him supervised visitation with the children are academic. The temporary orders of visitation are no longer of any effect, and any alleged defect in those orders does not render defective the final order of custody and visitation, which was based upon a full and fair hearing (*see Matter of Kirkpatrick v Kirkpatrick*, 137 AD3d 1695, 1695 [2016]; *Mat-*

*ter of Chamas v Carino*, 119 AD3d 564, 565 [2014]; *Matter of Ramirez v Velez*, 78 AD3d 1062, 1062-1063 [2010]).

The father's contention that Judge Lebwohl, who presided over the matter prior to the fact-finding hearing, was biased against him is without merit. When a claim of bias is raised, the "inquiry on appeal is limited to whether the judge's bias, if any, unjustly affected the result to the detriment of the complaining party" (*Matter of Davis v Pignataro*, 97 AD3d 677, 678 [2012] [internal quotation marks omitted]). Here, the record of the proceedings before Judge Lebwohl contains no evidence of such bias (*see Matter of Worner v Gavin*, 128 AD3d 981, 983 [2015]; *Matter of Hixenbaugh v Hixenbaugh*, 111 AD3d 636, 637 [2013]; *Matter of Davis v Pignataro*, 97 AD3d at 678).

The father's contention that he was deprived of a fair hearing because the Family Court took on the function of an advocate by excessively intervening in the fact-finding hearing also is without merit. While the Family Court actively participated in questioning the witnesses at the hearing, the court's conduct did not operate to deprive the father of a fair hearing (*see Matter of C.H. v F.M.*, 130 AD3d 1028, 1029 [2015]; *Matter of Toumazatos v Toumazatos*, 125 AD3d 870, 871 [2015]).

The father's remaining contentions concerning certain of the Family Court's evidentiary rulings are without merit. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.