Matter of Lett v Green (2020 NY Slip Op 03229)





Matter of Lett v Green


2020 NY Slip Op 03229


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-05458
 (Docket Nos. V-25359-15, V-25359-15/15A, V-25359-15/15B, V-25359-15/18C)

[*1]In the Matter of Tasha Lett, respondent,
v
Jaquan Green, appellant.


Elliot Green, Brooklyn, NY, for appellant.
David Schnall, Jamaica, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Josh Hanshaft, J.), dated April 12, 2019. The order, insofar as appealed from, after a hearing, granted the mother's petition for sole legal and physical custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The mother and the father, who were never married to each other, are the parents of the subject child, born in June 2015. In September 2015, the mother filed a petition pursuant to Family Court Act article 6, seeking sole legal and physical custody of the child. After a hearing, at which the father requested, among other things, joint physical custody and sole decision-making authority with respect to certain issues, the Family Court granted the mother's petition for sole legal and physical custody of the child and set forth a parental access schedule for the father. The father appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Domestic Relations Law § 70[a]; Eschbach v Eschbach, 56 NY2d 167, 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 95). "Although joint custody is encouraged as a voluntary alternative, it is appropriate only in cases where the parties involved are relatively stable, amicable parents who can behave in a mature, civilized fashion. It is inappropriate, however, where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child" (Matter of Timothy M. v Laura A.K., 204 AD2d 325, 326 [citations and internal quotation marks omitted]; see Matter of Turcios v Cordero, 173 AD3d 1048, 1049; Matter of Pitkanen v Huscher, 167 AD3d 901, 901; Matter of Toro v Williams, 167 AD3d 634, 636; Matter of Pena v Cordero, 152 AD3d 697, 698). Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Turcios v Cordero, 173 AD3d at 1049; Matter of Pitkanen v Huscher, 167 AD3d at 901; Matter of Pena v Cordero, 152 AD3d at 698). Here, the Family Court's determination [*2]that the child's best interests would be served by awarding sole legal and physical custody to the mother has a sound and substantial basis in the record and will not be disturbed.
The father's remaining contention is without merit.
MASTRO, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court