Matter of Hammer v Fielder (2020 NY Slip Op 03661)





Matter of Hammer v Fielder


2020 NY Slip Op 03661


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-08185
 (Docket Nos. V-10337-17, V-10539-17)

[*1]In the Matter of Karen Hammer, appellant,
v
Daniel Fielder, respondent. (Proceeding No. 1.)
In the Matter of Daniel Fielder, respondent,
v Karen Hammer, appellant. (Proceeding No. 2.)


Mark I. Plaine, Forest Hills, NY, for appellant.
Deborah G. Fiss, Jackson Heights, NY, for respondent.
Todd D. Kadish, Great Neck, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Lauren Norton-Lerner, Ct. Atty. Ref.), dated June 10, 2019. The order, after a hearing, denied the mother's petition to modify the parties' judgment of divorce so as to permit her to relocate with the parties' child to Tennessee, in effect, granted the father's petition to prevent the child from relocating from the State of New York, and awarded the father sole physical custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The mother and the father are the divorced parents of one child born in 2009. Beginning in August 2014, the parties lived in separate apartments in the same building in Queens, and the child split his time between them. In May 2017, the mother secured a job in Nashville, Tennessee, and commenced a proceeding to modify the parties' judgment of divorce so as to permit her to relocate with the child to Tennessee. The father filed a petition to prevent the child from relocating from the State of New York. The child opposed the mother's petition. After a hearing, during which testimony was elicited from, among others, the father, the mother, and a court-appointed forensic expert, and an in camera interview with the child, the Family Court denied the mother's petition, in effect, granted the father's petition, and awarded the father sole physical custody of the child. The mother appeals.
In deciding a custodial parent's petition for permission to relocate, the court's primary focus is the best interests of the child (see Matter of Tropea v Tropea, 87 NY2d 727, 739; Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Monroe v Monroe, 164 AD3d 675). In determining whether relocation is appropriate, the court must consider a number of factors, including the child's relationship with each parent, the effect of the move on contact with the noncustodial parent, the potential economic, emotional, and educational enhancement to the lives of the custodial parent and [*2]the child due to the move, and each parent's motives for seeking or opposing the move (see Matter of Tropea v Tropea, 87 NY2d at 740-741; Matter of Tayson v Degraft-Johnson, 157 AD3d 703, 704). The weighing of these various factors requires an evaluation of the testimony, character, and sincerity of all the parties involved. The Family Court's determinations in that regard are entitled to deference, and its determinations will be upheld if supported by a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 173-174; Matter of Tayson v Degraft-Johnson, 157 AD3d at 704).
Here, the Family Court's determination that the child's best interests would not be served by relocating to Tennessee with the mother and to award the father sole physical custody of the child is supported by a sound and substantial basis in the record. After conducting a hearing and interviewing the child in camera, the court gave appropriate weight to all of the relevant factors, and was properly concerned about the impact that the move would have on the father's relationship with the child (see Matter of Tayson v Degraft-Johnson, 157 AD3d at 704; Matter of Detwiler v Detwiler, 145 AD3d 778, 780). The record strongly suggests that the mother would not promote and encourage the relationship between the father and the child if the child relocated with her to Tennessee (see Matter of Tayson v Degraft-Johnson, 157 AD3d at 704). The court's determination is supported by the testimony of the court-appointed forensic expert, who based his conclusions on observations of the parties and the child (see Adamy v Ziriakus, 92 NY2d 396, 402; Matter of Kalantarov v Priyeva, 177 AD3d 881). The child also opposed relocation (see Matter of Hamed v Hamed, 88 AD3d 791, 792; see also Matter of Sahagun v Alix, 107 AD3d 722).
The mother's remaining contention is without merit.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court