Matter of Ravello v Ravello (2020 NY Slip Op 05904)





Matter of Ravello v Ravello


2020 NY Slip Op 05904


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-06696
 (Docket Nos. V-21640-18, V-21639-18, V-13352-16, V-13351-16)

[*1]In the Matter of Ashminie Ravello, respondent,
v
Dyon Ravello, appellant. (Proceeding Nos. 1 and 2.)
In the Matter of Dyon Ravello, appellant,
v
Ashminie Ravello, respondent. (Proceeding Nos. 3 and 4.)


Christian P. Myrill, Jamaica, NY, for appellant.
Elliot Green, Brooklyn, NY, for respondent.
Aguwa & Metu, P.C., Jamaica, NY (Placidus Aguwa of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated May 14, 2019. The order, after a hearing, granted the mother's petition for sole legal and physical custody of the parties' children, in effect, denied the father's petition for sole legal and physical custody of the children, and awarded the father certain parental access.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of two children, born in 2013 and 2014, respectively. The father and the mother each petitioned for sole legal and physical custody of the children. By order dated May 14, 2019, the Family Court, after a hearing, granted the mother's petition, in effect, denied the father's petition, and awarded the father certain parental access. The father appeals.
The primary concern in a custody dispute is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167; Matter of Ednie v Haniquet, 185 AD3d 1029; Matter of Montebello v Montebello,184AD3d 565; Matter of Saunders v Scott,172 AD3d 724). Among the factors to be considered in determining the best interests of the child are the relative fitness of each parent and the effect an award of custody to one parent might have on the child's relationship with the other parent (see Craig v Williams-Craig, 61 AD3d 712). Additionally, where domestic violence is demonstrated by a preponderance of the evidence, the court must consider the effect of such domestic violence upon the best interests of the child (see Matter of Cassissa v Solares, 176 AD3d 697; Matter of Felty v Felty, 108 AD3d 705). "[I]nasmuch as custody determinations depend in large part on an assessment of the character and credibility of the parties and witnesses, the Family [*2]Court's findings will not be disturbed unless they lack a sound and substantial basis in the record" (Land-Wheatley v Land-Wheatley, 108 AD3d 674, 674).
Here, the Family Court's determination that the best interests of the children would be served by awarding sole legal and physical custody to the mother has a sound and substantial basis in the record (see Matter of Lett v Green, 184 AD3d 642). The court, having the benefit of observing and listening to the witnesses, credited the mother's testimony on the issue of domestic violence perpetrated by the father (see Matter of Khan v Potdar, 185 AD3d 822). Moreover, there was sufficient evidence supporting the court's conclusion that the mother was willing and able to foster a positive relationship between the children and the father and that the father was not similarly willing to foster a positive relationship between the children and the mother (see Matter of Ahmad v Rani, 185 AD3d 581).
The father's remaining contentions are without merit.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court