Matter of Sage W. (Sonja W.) (2021 NY Slip Op 02533)





Matter of Sage W. (Sonja W.)


2021 NY Slip Op 02533


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-13870
 (Docket No. N-8436-19)

[*1]In the Matter of Sage W. (Anonymous). Administration for Children's Services, respondent;
and
Sonja W. (Anonymous), appellant.


Mark Brandys, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (MacKenzie Fillow and Rebecca L. Visgaitis of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Patricia Colella of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Carol A. Stokinger, J.), dated November 21, 2019. The order, insofar as appealed from, after a fact-finding and dispositional hearing, released the child to the custody of the nonrespondent father living in the State of Florida.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In April 2019, the Administration for Children's Services (hereinafter ACS) filed a petition in the Family Court, Queens County, alleging that the mother neglected the subject child by providing inadequate guardianship, including that she and the child were living in the terminals in LaGuardia Airport, and that she had refused all offers of help. For the first seven months of the neglect proceeding, the mother refused to divulge any details about the subject child, including the child's real name, her date of birth, her birth place, or her father's name. It was only at the end of the fact-finding and dispositional hearing, in November of 2019, that the court learned that the child's father lived in the State of Florida and had been granted a judgment of paternity and visitation schedule from the State of Florida Circuit Court, Ninth Judicial Circuit (hereinafter the Florida court), dated January 25, 2018. The court also learned that the father had filed an emergency petition seeking physical custody of the child which resulted in the Florida court issuing an order dated October 28, 2019, directing Sheriffs to take custody of the child, and a hearing to take place on November 15, 2019. Upon learning that the child had previously lived in Florida and that the father had an ongoing custody proceeding there, the court complied with the Uniform Child Custody Jurisdiction and Enforcement Act by setting up communication with the Florida court, during which, the mother was permitted to participate and be heard (see Domestic Relations Law §§ 75-i[1], [2]; 76-e[2]). As a result of the communication, the court recognized Florida's exclusive continuing jurisdiction concerning custody of the child. By order of fact finding and disposition dated November 21, 2019, the court found that the mother neglected the subject child and released the child to the custody of the father.
Contrary to the mother's contention, the Family Court providently exercised its discretion in denying her request for an adjournment on November 18, 2019, when the court scheduled the communication with the Florida court, and on November 21, 2019, when the court held the communication with the Florida court, on the asserted ground that her "lead" attorney was ill and could not attend. "The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283; see Matter of Demetrious L.K. [James K.], 157 AD3d 796, 796-797; Matter of Angie N.W. [Melvin A.W.], 107 AD3d 907). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (Matter of Sicurella v Embro, 31 AD3d 651, 651; see Matter of Demetrious L.K. [James K.], 157 AD3d 796; Matter of Tripp, 101 AD3d 1137).
Here, at both court dates, although the attorney who had represented the mother on previous court dates could not attend because of illness, the mother was ably represented by the supervising attorney of the organization representing the mother, who had appeared in court on the mother's behalf several times over the course of the seven months and was familiar with the case.
The mother's contention that on November 21, 2019, the Family Court decided the dispositional issue before holding a dispositional hearing is not preserved for appellate review (see Matter of Damani B. [Theresa M.], 174 AD3d 524) and, in any event, without merit.
Contrary to the mother's contention, the Family Court properly determined that it was unnecessary for it to continue to exercise its temporary emergency jurisdiction, as there was no evidence that the father posed a risk of harm to the child (see Domestic Relations Law § 76-c[1]). The court's determination to release the child to the custody of the father has a sound and substantial basis in the record (see generally Matter of Ozdemir v Riley, 101 AD3d 884; Matter of Segovia v Bushnell, 85 AD3d 1267; Matter of Hearne v Hearne, 61 AD3d 758).
DILLON, J.P., MILLER, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court