Matter of Wells v Dellago (2021 NY Slip Op 03459)





Matter of Wells v Dellago


2021 NY Slip Op 03459


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-13566
 (Docket Nos. V-10841-18/18A, V-10842-18/18A)

[*1]In the Matter of Lisa Wells, appellant,
v
John Dellago, respondent. (Proceeding Nos. 1, 2)
In the Matter of John Dellago, respondent, v Lisa Wells, appellant. (Proceeding No. 3)


Abbe C. Shapiro, Mount Sinai, NY, for appellant.
Susan A. DeNatale, Bayport, NY, for respondent.
Michael E. Repole, Smithtown, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Heather P.S. James, Ct. Atty. Ref.), dated October 30, 2019. The order, insofar as appealed from, after a hearing, denied the mother's petition for permission to relocate with the parties' children to Kentucky.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of two minor children, one born in May 2015 and the other in August 2017. In 2018, the mother filed a petition for sole custody of the children and a petition for permission to relocate with the children to Kentucky. The father filed a petition seeking joint custody of the children and parental access. The Family Court, after a hearing, inter alia, granted the mother's petition for sole custody of the children, but denied her petition for permission to relocate with them to Kentucky. The mother appeals from so much of the order as denied her petition for permission to relocate.
"A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed relocation would be in the child's best interests" (Matter of Lazaroff v Acevedo, _____ AD3d _____, _____, 2021 NY Slip Op 02159, *1 [2d Dept]; see Matter of Jose v Guilford, 188 AD3d 1209, 1210). In determining the issue of relocation, "the courts should be free to consider and give appropriate weight to all of the factors that may be relevant to the determination. These factors include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's [*2]life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741). "[N]o single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome" (id. at 738).
Here, contrary to the mother's contention, the Family Court's determination that the children's best interests would not be served by relocating to Kentucky with the mother is supported by a sound and substantial basis in the record (see Matter of Hammer v Fielder, 185 AD3d 586). Specifically, the mother failed to establish that the relocation to Kentucky was economically necessary, that the children's lives would be enhanced socially or educationally, that the move would not have a negative impact on the quality of the children's future contact with the father, or that, if she relocated, it would be feasible to preserve the relationship between the father and the children through suitable parental access arrangements (see Matter of Follini v Currie, 176 AD3d 1203, 1205-1206; Matter of McBryde v Bodden, 91 AD3d 781, 782).
Accordingly, the Family Court properly denied the mother's petition for permission to relocate with the children to Kentucky.
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court