Matter of Cortes v Bryant (2023 NY Slip Op 02511)

Matter of Cortes v Bryant

2023 NY Slip Op 02511

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-00451
 (Docket Nos. V-18681-18, V-18681-18/19A, V-18682-18, V-18682-18/19A)

[*1]In the Matter of Luciano Cortes III, respondent,
v
Hasupha Shayla Bryant, appellant. (Proceeding No. 1)
In the Matter of Hasupha Shayla Bryant, appellant,
v
Luciano Cortes III, respondent. (Proceeding No. 2)

Thomas J. Butler, Melville, NY, for appellant.
Paul K. Siepmann, Patchogue, NY, for respondent.
Joseph H. Johnson, Mastic Beach, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (James F. Quinn, J.), dated December 10, 2019. The order, after a hearing, granted the father's petition for sole custody of the parties' children and denied the mother's cross-petition for sole custody of the parties' children with permission to relocate to Texas.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of two children, born in 2014 and 2016, respectively. In December 2018, the mother moved from New York to Texas with the children without the father's consent. Shortly thereafter, the father filed a petition for sole custody of the children. In April 2019, the mother returned to New York with the children to appear in court, and, pursuant to court order, the father obtained temporary custody of the children. In June 2019, the mother cross-petitioned for sole custody and permission to relocate to Texas. Following a hearing, in an order dated December 10, 2019, the Family Court granted the father's petition and denied the mother's cross-petition, awarding the father sole custody of the children. The mother appeals.
"'A court deciding an initial petition for child custody must determine what is in the child's best interests'" (Matter of Alvarado v Cordova, 158 AD3d 794, 794, quoting Matter of Supangkat v Torres, 101 AD3d 889, 889-890). "'Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the [*2]relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Mejia v Llarena, 172 AD3d 720, 721, quoting Matter of Elliott v Felder, 69 AD3d 623, 623; see Eschbach v Eschbach, 56 NY2d 167, 171-172).
"Where, as here, a party seeks permission to relocate in the context of a petition seeking an initial custody determination, the strict application of the factors relevant to a relocation petition is not required" (Matter of Lawrence v Mattry, 179 AD3d 687, 687-688). "Rather, the relocation is but one factor among many for the Family Court to consider in determining what is in the best interests of the child" (id. at 688). "The weighing of these . . . factors requires an evaluation of the testimony, character, and sincerity of all the parties involved. Generally, such an evaluation can best be made by the Family Court, which had direct access to the parties and witnesses, and, therefore, deference is accorded to the Family Court's findings in this regard" (Matter of Feery v Feury, 168 AD3d 729, 730).
Here, the Family Court's determination to award the father sole custody of the children has a sound and substantial basis in the record (see Matter of Gayle v Muir, 211 AD3d 942, 944; Matter of Lawrence v Mattry, 179 AD3d at 688). Contrary to the mother's contention, the evidence at the hearing, including the testimony of both parties, established that the father was better suited to place the children's interests ahead of his own and to foster the children's relationship with the other parent (see Matter of Morris v Morris, 156 AD3d 702, 703). Contrary to the mother's further contention, in light of the children's ages, the court providently exercised its discretion in declining to conduct an in-camera interview (see Matter of McDowell v Marshall, 210 AD3d 781, 782-783).
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.

2020-00451 DECISION & ORDER ON MOTION
In the Matter of Luciano Cortes III, respondent,
v Hasupha Shayla Bryant, appellant.
(Proceeding No. 1)
In the Matter of Hasupha Shayla Bryant, appellant,
v Luciano Cortes III, respondent.
(Proceeding No. 2)
(Docket Nos. V-18681-18, V-18681-18/19A,
V-18682-18, V-18682-18/19A)

Motion by the respondent, inter alia, to dismiss an appeal from an order of the Family Court, Suffolk County, dated December 10, 2019, on the ground that it has been rendered academic. By decision and order on motion of this Court dated February 7, 2022, that branch of the motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal is denied.
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court