Matter of Hossain v Chowdhury (2025 NY Slip Op 02776)

Matter of Hossain v Chowdhury

2025 NY Slip Op 02776

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2024-03314
 (Docket No. O-10492-22)

[*1]In the Matter of Humayra Hossain, respondent,
v
Shamsul Hoq Chowdhury, appellant.

Adetokunbo Oseni, Brooklyn, NY, for appellant.
Urban Justice Center, New York, NY (Yulu Xu of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Shamsul Hoq Chowdhury appeals from an order of protection of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated March 20, 2024. The order of protection, upon a finding, made after a fact-finding hearing, that Shamsul Hoq Chowdhury committed the family offenses of sexual abuse in the third degree, criminal obstruction of breathing, harassment in the second degree, and strangulation in the second degree, directed him, inter alia, to stay away from the petitioner until and including March 19, 2029.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against Shamsul Hoq Chowdhury, the father of the parties' child (hereinafter the appellant). At a fact-finding hearing, the petitioner requested the maximum order of protection available by law. After the fact-finding hearing, at which both parties testified, the Family Court found that the appellant had committed the family offenses of sexual abuse in the third degree, criminal obstruction of breathing, harassment in the second degree, and strangulation in the second degree. Thereafter, the court issued an order of protection directing the appellant, inter alia, to stay away from the petitioner for a period of five years, until and including March 19, 2029.
"In a family offense proceeding, the petitioner has the burden of establishing the family offense by a fair preponderance of the evidence" (Matter of Nunez v Spellen, 235 AD3d 874, 875; see Matter of Cassie v Cassie, 109 AD3d 337, 340). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of the witnesses is entitled to great weight on appeal" (Matter of Nunez v Spellen, 235 AD3d at 875; see Matter of Lederman v Lederman, 208 AD3d 483, 485; Matter of Diaz v Rodriguez, 164 AD3d 1340, 1340). Where, as here, "the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Nunez v Spellen, 235 AD3d at 875-876 [internal quotation marks omitted]; see Matter of Mattis v Walcott-Graham, 231 AD3d 1156, 1156; Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616).
Here, contrary to the appellant's contention, the Family Court's finding that he committed the family offenses was based upon the court's credibility assessments and is supported [*2]by the record (see Matter of Nunez v Spellen, 235 AD3d 874; Matter of Adeshina v Adeshina, 228 AD3d 755, 756; Matter of Royal v Royal, 187 AD3d 1195, 1195). Accordingly, there is no basis to disturb the finding or the court's directive that the appellant comply with the terms of the order of protection (see Matter of Nunez v Spellen, 235 AD3d 874; Matter of Mattis v Walcott-Graham, 231 AD3d 1156; Matter of Breier v Breier, 202 AD3d 1083, 1084).
Additionally, the record demonstrates that the appellant caused the petitioner physical injury, which constituted aggravating circumstances warranting a five-year order of protection (see Family Ct Act §§ 827[a][vii]; 842; Matter of Kalyan v Trasybule, 189 AD3d 1046, 1048; Matter of Kondor v Kondor, 109 AD3d 660, 660-661).
The appellant's contention that the Family Court was biased against him is unpreserved for appellate review (see Matter of George A.C. [Anthony C.], 223 AD3d 798, 800; Matter of Goundan v Goundan, 210 AD3d 1087, 1089; Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894). "In any event, when a claim of bias is raised, the inquiry on appeal is limited to whether the court's 'bias, if any, unjustly affected the result to the detriment of the complaining party'" (Matter of George A.C. [Anthony C.], 223 AD3d at 800, quoting Matter of Bowe v Bowe, 124 AD3d 645, 646). The appellant's general allegations of systemic bias in the Family Court system are insufficient to show that he was unjustly affected by bias in this particular proceeding (see id.; Matter of Bowe v Bowe, 124 AD3d at 646).
The parties' remaining contentions either need not be addressed in light of our determination or are without merit.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court