Matter of Herry v Perry (2025 NY Slip Op 03570)

Matter of Herry v Perry

2025 NY Slip Op 03570

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-06541
 (Docket Nos. V-8877-20, V-12692-22)

[*1]In the Matter of Jeffrey Herry, respondent,
v
Tanishea Perry, appellant. (Proceeding No. 1)
In the Matter of Tanishea Perry, appellant,
v Jeffrey Herry, respondent. (Proceeding No. 2)

Marion C. Perry, New York, NY, for appellant.
Jeffrey Herry, Coram, NY, respondent pro se.
Diana Kelly, Jamaica, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Gregory L. Gliedman, J.), dated June 16, 2023. The order, after a hearing, denied the mother's petition for sole legal and physical custody of the parties' child and awarded the father sole legal and physical custody of the parties' child with certain parental access to the mother.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were not married, are the parents of one child born in 2011. The mother was living in Brooklyn and the primary caretaker for the child, and the father had parental access with the child. On March 21, 2020, the mother and the child went to Georgia to stay with the mother's family without informing the father. In July 2020, after the child informed the father that he was residing in Georgia, the father filed a petition for parental access with the child. Thereafter, the mother filed a petition for sole legal and physical custody of the child. In an order dated June 16, 2023, the Family Court, after a hearing, denied the mother's petition and awarded the father sole legal and physical custody of the child with certain parental access to the mother. The mother appeals.
Contrary to the mother's contention, the Family Court did not violate her due process rights by awarding sole legal and physical custody to the father. The court stated at the beginning of the hearing that it would treat the petitions as cross custody petitions, and both parties' attorneys and the attorney for the child stated that they had no objection. Under the circumstances of this case, the mother was on notice that the father was seeking custody of the child and was given an opportunity to present evidence and call and cross-examine witnesses (see Matter of Mahoney v Regan, 100 AD3d 1237, 1237-1238; Matter of Rosen v Goldhaber, 73 AD3d 1184, 1185-1186).
"'A court deciding an initial petition for child custody must determine what is in the child's best interests'" (Matter of Lawrence v Mattry, 179 AD3d 687, 687 [internal quotation marks omitted], quoting Matter of Alvarado v Cordova, 158 AD3d 794, 794; see Matter of Cortes v Bryant, 216 AD3d 773, 774). Where, as here, "a party seeks permission to relocate in the context of a petition seeking an initial custody determination, the strict application of the factors relevant to a relocation petition is not required" (Matter of Miller v Perez, 232 AD3d 898, 899; see Matter of Mendoza v Riera, 232 AD3d 616, 618). "Rather, the relocation is but one factor among many for the Family Court to consider in determining what is in the best interests of the child" (Matter of Miller v Perez, 232 AD3d at 899; see Matter of Trentacoste v Alward, 225 AD3d 885, 886). "Other relevant factors include 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Miller v Perez, 232 AD3d at 899, quoting Matter of Lawrence v Mattry, 179 AD3d at 687; see Matter of Vidal v Taneja, 218 AD3d 594, 595; Matter of Hernandez v Viana, 213 AD3d 934, 935). "'The weighing of these . . . factors requires an evaluation of the testimony, character, and sincerity of all the parties involved. Generally, such an evaluation can best be made by the Family Court, which had direct access to the parties and witnesses, and, therefore, deference is accorded to the Family Court's findings in this regard'" (Matter of Trentacoste v Alward, 225 AD3d at 886, quoting Matter of Feery v Feury, 168 AD3d 729, 730; see Matter of Cortes v Bryant, 216 AD3d at 775). The Family Court's determinations will be upheld if supported by a sound and substantial basis in the record (see Morelli v Morelli, 235 AD3d 636, 637; Matter of Hammer v Fielder, 185 AD3d 586, 587).
Here, the Family Court's determination to award the father sole legal and physical custody of the child was supported by a sound and substantial basis in the record. "'[O]ne of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the noncustodial parent, and the willingness of a parent to assure such meaningful contact between the children and the other parent is a factor to be considered in making a custody determination'" (Matter of Freeborn v Elco, 188 AD3d 677, 679, quoting Matter of Vasquez v Ortiz, 77 AD3d 962, 962; see Matter of Nieves v Nieves, 176 AD3d 824, 826). Here, the mother failed to inform the father that she was traveling at the beginning of a global pandemic with the child to Georgia, such that the father had to learn of their whereabouts from the child after the fact, and this trip ultimately resulted in the mother seeking to permanently relocate with the child to Georgia. The record supports the conclusion that the mother would not foster a relationship between the father and the child, or encourage future contact with the father if the child relocated with her to Georgia (see Matter of Hammer v Fielder, 185 AD3d at 587; Matter of Lawrence v Mattry, 179 AD3d at 688; Matter of Tayson v Degraft-Johnson, 157 AD3d 703, 704).
The mother's contention regarding a temporary order of custody dated August 1, 2022, is academic (see Matter of Eckstein v Young, 176 AD3d 813, 814). The temporary order was superseded by the order appealed from, and the temporary order is no longer of any effect (see id.). Any alleged defect in the temporary order does not render defective the permanent order, which was based upon a full and fair hearing (see Matter of Watson v Maragh, 156 AD3d 801, 802; Matter of Yehudah v Yehudah, 144 AD3d 1046, 1046).
Accordingly, the Family Court properly denied the mother's petition for sole legal and physical custody of the child and awarded the father sole legal and physical custody of the child with certain parental access to the mother.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court