Matter of Bell v Pierre (2025 NY Slip Op 03807)

Matter of Bell v Pierre

2025 NY Slip Op 03807

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-05408
 (Docket Nos. O-46-23, O-46-23B, V-1216-23, V-1250-23, V-6045-22)

[*1]In the Matter of Philomena Bell, respondent,
v
James Pierre, appellant. (Proceeding No. 1)
In the Matter of James Pierre, appellant,
v Philomena Bell, respondent. (Proceeding No. 2)

Kelli M. O'Brien, Goshen, NY, for appellant.
Steven N. Feinman, White Plains, NY, for respondent.
Gloria Marchetti-Block, White Plains, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated June 12, 2023. The order, insofar as appealed from, after a hearing, in effect, granted the mother's petition for sole legal and physical custody of the parties' older child, awarded the mother sole legal and physical custody of the parties' younger child, in effect, denied the father's petitions for joint legal and physical custody of the parties' children, found that the father committed the family offense of harassment in the second degree, and directed the issuance of an order of protection in favor of the mother and against the father for a period of five years.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father, who were never married, are the parents of two children, born in 2022 and 2023. In December 2022, the mother filed a petition for sole legal and physical custody of the older child. In January 2023, the mother filed another petition, alleging that the father had committed various family offenses and seeking an order of protection. Thereafter, the father filed petitions, one as to each child, seeking joint legal and physical custody. In an order dated June 12, 2023, the Family Court, after a hearing, inter alia, in effect, granted the mother's petition for sole legal and physical custody of the older child, awarded the mother sole legal and physical custody of the younger child, in effect, denied the father's petitions for joint legal and physical custody of the children, found that the father had committed the family offense of harassment in the second degree, and directed the issuance of an order of protection in favor of the mother and against the father for a period of five years. The father appeals.
"In any child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Smith v Colon, 225 AD3d 773, 773 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). In an initial petition for child custody, "'[f]actors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Cortes v Bryant, 216 AD3d 773, 774 [internal quotation marks omitted], quoting Matter of Mejia v Llarena, 172 AD3d 720, 721). Additionally, "where domestic violence is demonstrated by a preponderance of the evidence, the court must consider the effect of such domestic violence upon the best interests of the child" (Matter of Ravello v Ravello, 187 AD3d 1021, 1022; see Pandis v Lapas, 176 AD3d 837, 839). "Insofar as custody determinations largely turn on assessments of the credibility, character, temperament, and sincerity of the parties, the hearing court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Duran v Contreras, 227 AD3d 1068, 1069-1070 [internal quotation marks omitted]; see Matter of Berkley v Beckles, 231 AD3d 1153, 1153).
Here, the Family Court's determination to award sole legal and physical custody of the children to the mother is supported by a sound and substantial basis in the record. The court, having the benefit of observing and listening to the witnesses, credited the mother's testimony on the issue of domestic violence perpetrated by the father (see Matter of Ravello v Ravello, 187 AD3d at 1022; Matter of Gregoire v Yadram, 177 AD3d 616, 618). Contrary to the father's contention, joint custody was inappropriate in light of the antagonistic relationship between the parties (see Matter of Gregoire v Yadram, 177 AD3d at 618; Matter of Dimas v Fanfan, 166 AD3d 970, 971).
"In a family offense proceeding, the burden is on the petitioner to establish the offense by a fair preponderance of the evidence" (Matter of Latiff v Bacchus, 236 AD3d 1030, 1030; see Matter of Acker v Teneyck, 228 AD3d 653, 654). "'Where, as here, the [hearing] court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record'" (Matter of Witt v Naprawa, 237AD3d 1207, 1208, quoting Matter of Townes v Diggs, 216 AD3d 1104, 1105; see Matter of Livesey v Gulick, 194 AD3d 1045, 1047).
Here, a fair preponderance of the evidence adduced at the hearing established that the father committed the family offense of harassment in the second degree (see Penal Law § 240.26[1]), warranting the issuance of an order of protection (see Matter of Wiley v Wiley, 231 AD3d 841, 842; Matter of Yurewich v Read, 209 AD3d 747, 748). Contrary to the father's contention, the factual allegations in the family offense petition were sufficiently particular to give the father notice of the allegation that he committed the family offense of harassment in the second degree against him (see Matter of Qin Fen Wang v Chee Kiang Foo, 171 AD3d 1187, 1188).
Additionally, the record demonstrates that the father caused the mother physical injury, which constituted aggravating circumstances warranting the issuance of a five-year order of protection (see Family Ct Act §§ 827[a][vii]; 842; Matter of Hossain v Chowdhury, _____ AD3d _____, _____, 2025 NY Slip Op 02776, *2; Matter of Kalyan v Trasybule, 189 AD3d 1046, 1048).
Contrary to the father's contention, he was not deprived of the effective assistance of counsel. Viewed in totality, the record reveals that he received meaningful representation throughout the hearing (see Sloan v Sloan, 224 AD3d 712, 713; Matter of Thomas v Thomas, 221 AD3d 609, 610).
The father's remaining contentions are without merit.
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court