Matter of Diaz v Vicente (2025 NY Slip Op 05081)

Matter of Diaz v Vicente

2025 NY Slip Op 05081

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-06424
 (Docket Nos. V-7015-21/21A, V-7016-21/21A)

[*1]In the Matter of Carlos Diaz, appellant,
v
Linda Vicente, respondent.

Warren S. Hecht, Forest Hills, NY, for appellant.
Robin Stone Einbinder, Flushing, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Mildred T. Negron, J.), dated June 26, 2024. The order, after a hearing, denied the father's petition to modify a so-ordered stipulation of settlement dated January 23, 2017, so as to award him sole legal and residential custody of the parties' children.
ORDERED that the order is affirmed, without costs or disbursements.
The parties have two children together, born in 2013 and 2015, respectively. In a so-ordered stipulation of settlement dated January 23, 2017 (hereinafter the stipulation), the parties agreed that the mother would have sole custody of the children, with certain parental access to the father. In 2021, the father filed a petition to modify the stipulation so as to award him sole legal and residential custody of the children. After a hearing, the Family Court denied the father's petition. The father appeals.
"Modification of a court-approved stipulation setting forth the terms of custody or parental access is permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child" (Matter of Burke v Squires, 202 AD3d 784, 785; see Matter of Fiore v Gima, 227 AD3d 1071, 1073). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Shepherd v Mirukaj, 235 AD3d 769, 770; see Eschbach v Eschbach, 56 NY2d 167, 172). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Freyer v Macruari, 234 AD3d 755, 756 [internal quotation marks omitted]; see Matter of Watling v Watling, 236 AD3d 1047, 1048).
Here, the Family Court's determination to deny the father's petition to modify the stipulation so as to award him sole legal and residential custody of the children is supported by a [*2]sound and substantial basis in the record (see Matter of Reggie P. v Heather D., 239 AD3d 861, 861-862). Although there was evidence that the mother engaged in conduct that interfered with the father's relationship with the children, and this conduct should not be condoned, the totality of the circumstances provided a sound and substantial basis for the court's determination that it was in the best interests of the children to remain in the sole legal and residential custody of the mother (see Matter of Brisard v Brisard, 211 AD3d 838, 839; Matter of Brown v Simon, 195 AD3d 806, 821-822). The evidence presented at the hearing established, among other things, that the mother had been the children's primary caretaker since birth, that she was responsible for their medical and educational needs, and that the children had very close relationship with the mother and were doing well in her care (see Matter of Miller v Perez, 232 AD3d 898, 899; Matter of Martinez v Driscoll, 209 AD3d 653, 655). Moreover, the court, having the benefit of observing and listening to the witnesses, credited the mother's testimony on the issue of domestic violence perpetrated by the father against the mother in the children's presence (see Matter of Bell v Pierre, 239 AD3d 973, 975; Matter of Ravello v Ravello, 187 AD3d 1021, 1022).
Accordingly, the Family Court properly denied the father's petition to modify the stipulation so as to award him sole legal and residential custody of the children.
DUFFY, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court