Matter of Zacharie v Pennicott

2026 NY Slip Op 03173

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jerell R. Zacharie, respondent,

v

Ashley D. Pennicott, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-09728, (Docket No. V-9411-23)

Angela G. Iannacci, J.P.

Linda Christopher

Helen Voutsinas

Phillip Hom, JJ.

Paul W. Matthews, Staten Island, NY, for appellant.

Richard L. Herzfeld, New York, NY, for respondent.

Liberty Aldrich, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Nisha Menon, J.), dated September 17, 2024. The order, after a hearing, granted the father's petition for sole legal and residential custody of the parties' child and permission to relocate with the child to New Jersey, and awarded certain parental access to the mother.

ORDERED that the order is affirmed, without costs or disbursements.

The parties, who were never married to each other, are the parents of one child. In 2022, the father commenced this proceeding pursuant to Family Court Act article 6 for sole legal and residential custody of the child and permission to relocate with the child to New Jersey.

On 10 days between November 2023 and September 2024, the Family Court conducted a fact-finding hearing on the petition. The court warned the mother that her attendance was "extremely important" and that, if she failed to appear on time, the court would preclude her from participating or find her in default. Nevertheless, the mother was late or failed to appear on 8 of the 10 days of the hearing.

On the eighth day of the hearing, when the mother was scheduled to continue her testimony and again failed to appear on time, the mother's attorney informed the Family Court that the mother was "stuck on the C-train" and would arrive in approximately five minutes. The mother's attorney, in effect, made an application to adjourn the continued hearing until the mother arrived. The court denied the application and struck the mother's testimony.

In an order dated September 17, 2024, the Family Court granted the father's petition for sole legal and residential custody of the child and permission to relocate with the child to New Jersey, and awarded certain parental access to the mother. The mother appeals.

Contrary to the father's contention, the order dated September 17, 2024, was not entered upon the mother's default. Although the mother's testimony was stricken, her attorney [*2]continued to appear on her behalf and participate in the proceeding (see Matter of Walsh v Russell, 214 AD3d 890, 892).

Contrary to the mother's contention, the Family Court providently exercised its discretion in denying her attorney's application for an adjournment and in striking her testimony. The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court (see Matter of Anthony M., 63 NY2d 270, 283; Matter of Sage W. [Sonja W.], 193 AD3d 1059, 1060). In addition, when a party, through no fault of its own, is deprived of the benefit of the cross-examination of a witness, a court may strike that witness's direct testimony in whole or in part (see Matter of Leala T., 55 AD3d 997, 998). In making such a determination, the court must undertake a balanced consideration of all relevant factors (see Matter of Sage W. [Sonja W.], 193 AD3d at 1060; Matter of Jahnya [Cozbi C.—Camesha B.], 189 AD3d 824, 825). Here, the mother was the only remaining witness to testify, and the court properly considered her history of lateness and the prejudice to the father of further delays in adjudicating his petition (see Matter of Jahnya [Cozbi C.—Camesha B.], 189 AD3d at 825; Matter of Amilya Jayla S. [Princess Debbie A.], 83 AD3d 582, 583).

A court deciding an initial petition for child custody must determine what is in the child's best interests (see Matter of Cortes v Bryant, 216 AD3d 773, 774). Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent (see id.). Where, as here, a party seeks permission to relocate in the context of a petition seeking an initial custody determination, the relocation is but one factor among many for the Family Court to consider in determining what is in the best interests of the child (see id. at 774-775). Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Mackey v Reaves, 246 AD3d 808, 809).

Here, contrary to the mother's contention, the Family Court's determination that an award of sole legal and residential custody of the child to the father and permission to relocate with the child to New Jersey was in the child's best interests has a sound and substantial basis in the record (see id. at 810; Matter of Cortes v Bryant, 216 AD3d at 775).

The mother's remaining contentions are either without merit or not properly before this Court.

IANNACCI, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court