Matter of Lawrence v Mattry (2020 NY Slip Op 00134)





Matter of Lawrence v Mattry


2020 NY Slip Op 00134


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2019-02068
 (Docket Nos. V-13845-18, V-23926-18)

[*1]In the Matter of Jason Lawrence, respondent,
v
Brittany J. Mattry, appellant. (Proceeding No. 1.)
In the Matter of Brittany J. Mattry, appellant,
v
Jason Lawrence, respondent. (Proceeding No. 2.)


Lewis S. Calderon, Jamaica, NY, for appellant.
Helene Chowes, New York, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated February 28, 2019. The order, after a hearing, awarded the mother and the father joint legal custody of the parties' child with physical custody to the father.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of a child born in 2006. In May 2018, the mother moved from New York to Georgia with the child without the father's consent. The father filed a petition for sole custody of the child, and the mother filed a petition for sole custody of the child and for permission to relocate with the child to Georgia. By decision and order on motion dated August 22, 2018, this Court directed that the mother return the child to New York to reside with the father pending determination of the proceedings. Following a hearing, in an order dated February 28, 2019, the Family Court awarded the parties joint legal custody of the child with physical custody to the father. The mother appeals.
" A court deciding an initial petition for child custody must determine what is in the child's best interests'" (Matter of Alvarado v Cordova, 158 AD3d 794, 794, quoting Matter of Supangkat v Torres, 101 AD3d 889, 889-890). " Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Mejia v Llarena, 172 AD3d 720, 721, [*2]quoting Matter of Elliott v Felder, 69 AD3d 623, 623; see Eschbach v Eschbach, 56 NY2d 167, 171-172; Matter of Supangkat v Torres, 101 AD3d at 890).
Where, as here, a party seeks permission to relocate in the context of a petition seeking an initial custody determination, the strict application of the factors relevant to a relocation petition is not required (see Matter of Williams v Bryson, 167 AD3d 1021; Matter of Alvarado v Cordova, 158 AD3d 794). Rather, the relocation is but one factor among many for the Family Court to consider in determining what is in the best interests of the child (see Matter of Alvarado v Cordova, 158 AD3d at 794-795). "The weighing of these . . . factors requires an evaluation of the testimony, character, and sincerity of all the parties involved. Generally, such an evaluation can best be made by the Family Court, which had direct access to the parties and witnesses, and, therefore, deference is accorded to the Family Court's findings in this regard" (Matter of Feery v Feury, 168 AD3d 729, 730; see Prohaszka v Prohaszka, 103 AD3d 617).
Here, the Family Court's determination to award the parties joint legal custody of the child with physical custody to the father has a sound and substantial basis in the record (see Matter of Sahadath v Andaverde, 145 AD3d 731, 732-733; Prohaszka v Prohaszka, 103 AD3d 617; Matter of Galanos v Galanos, 28 AD3d 554). Contrary to the mother's contention, a review of the court's decision indicates that it gave careful consideration to all relevant factors (see Matter of Galanos v Galanos, 28 AD3d 554).
The mother's remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court