Matter of Martinez v Driscoll (2022 NY Slip Op 05532)

Matter of Martinez v Driscoll

2022 NY Slip Op 05532

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-07930
 (Docket Nos. V-305-20, V-336-20)

[*1]In the Matter of Belchris Martinez, respondent,
v
Patrick Driscoll, appellant. (Proceeding No. 1)
In the Matter of Patrick Driscoll, appellant,
v Belchris Martinez, respondent. (Proceeding No. 2)

Alex Smith, Middletown, NY, for appellant.
Christopher E. Gurda, Middletown, NY, for respondent.
Donald M. Card, Jr., Shelter Island, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Carol S. Klein, J.), dated October 12, 2021. The order, after a hearing, denied the father's petition for joint custody of the parties' child, granted the mother's petition for sole legal and physical custody of the child, and permitted the mother to relocate with the child to Florida.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, have one child together, born in 2017. In 2020, the mother filed a petition for sole legal and physical custody of the child, and, in turn, the father filed a petition for joint custody of the child. After filing her petition, the mother temporarily relocated to Florida with the child. Following a hearing, the Family Court denied the father's petition, granted the mother's petition, and permitted the mother to permanently relocate with the child to Florida. The father appeals.
"In any custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Olea v Diaz, 194 AD3d 721, 722; see Eschbach v Eschbach, 56 NY2d 167, 171; Lavery v O'Sullivan, 205 AD3d 1013, 1014; Matter of Eckstein v Young, 176 AD3d 813, 814-815). "Where, as here, a party seeks permission to relocate in the context of a petition seeking an initial custody determination, the strict application of the factors relevant to a relocation petition is not required" (Matter of Lawrence v Mattry, 179 AD3d 687, 687-688; see Matter of Eckstein v Young, 176 AD3d at 815). "Rather, the relocation is but one factor among many for the Family Court to consider in determining what is in [*2]the best interests of the child" (Matter of Lawrence v Mattry, 179 AD3d at 688; see Matter of Eckstein v Young, 176 AD3d at 815). "Other relevant factors include which alternative will best promote stability, the effect of domestic violence on the child's best interests, and the relative fitness of the parents, the quality of the home environment, the parents' financial status, the parental guidance given to the child, the ability of each parent to provide for the child's emotional and intellectual development, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Eckstein v Young, 176 AD3d at 815 [citations and internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 171-172; Matter of Olea v Diaz, 194 AD3d at 722). Since custody determinations depend to a great extent upon an assessment of the credibility of the witnesses and the character, temperament, and sincerity of the parties, "[t]he credibility findings of the Family Court will be accorded great weight and its determinations regarding custody and [parental access] will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Eckstein v Young, 176 AD3d at 815 [internal quotation marks omitted]; see Lavery v O'Sullivan, 205 AD3d at 1014).
Here, contrary to the father's contention, the Family Court's determination to award sole legal and physical custody of the child to the mother and to permit the mother to relocate with the child to Florida has a sound and substantial basis in the record, based upon the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d at 171; Lavery v O'Sullivan, 205 AD3d at 1014; Matter of Eckstein v Young, 176 AD3d at 815). Among other things, the evidence established that the mother was the child's primary caretaker and was responsible for the child's medical and educational needs, such that awarding her sole custody would promote stability for the child (see Matter of Eckstein v Young, 176 AD3d at 815). The evidence also demonstrated that the mother was better able to foster the child's relationship with the father after they had temporarily relocated to Florida by facilitating the father's communication with and parental access to the child. The mother's relocation to Florida, which was but one factor in determining the child's best interests, also weighed in favor of granting the mother's petition (see Matter of Lawrence v Mattry, 179 AD3d at 688; Matter of Eckstein v Young, 176 AD3d at 815). The mother established that she had enhanced employment opportunities and a higher income in Florida and that she had support from extended family in that state, which she did not have in New York.
The father's remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court