Matter of Hernandez v Viana (2023 NY Slip Op 01002)

Matter of Hernandez v Viana

2023 NY Slip Op 01002

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2022-00102
 (Docket No. V-29816-18)

[*1]In the Matter of Giancarlos Hernandez, appellant,
v
Olga Viana, respondent.

Denise S. Siler, Brooklyn, NY, for appellant.
Miechia L. Gulley, Brooklyn, NY, for respondent.
Diana Kelly, Jamaica, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated January 3, 2022. The order, insofar as appealed from, after a hearing, granted that branch of the mother's cross-petition which was for permission to relocate with the parties' child to Virginia.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child together, born in 2014. In 2018, the father filed a petition for joint legal and physical custody of the child, and, in 2019, the mother filed a cross-petition for sole legal and physical custody of the child and for permission to relocate with the child to Virginia. Following a hearing, the Family Court, inter alia, awarded the mother sole legal and physical custody of the child and granted the mother permission to relocate with the child to Virginia. The father appeals.
"In any child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Olea v Diaz, 194 AD3d 721, 722; see Eschbach v Eschbach, 56 NY2d 167, 171; Lavery v O'Sullivan, 205 AD3d 1013, 1014; Matter of Eckstein v Young, 176 AD3d 813, 815). "Where, as here, a party seeks permission to relocate in the context of a petition seeking an initial custody determination, the strict application of the factors relevant to a relocation petition is not required" (Matter of Lawrence v Mattry, 179 AD3d 687, 687-688; see Matter of Eckstein v Young, 176 AD3d at 815). "Rather, the relocation is but one factor among many for the Family Court to consider in determining what is in the best interests of the child" (Matter of Lawrence v Mattry, 179 AD3d at 688; see Matter of Eckstein v Young, 176 AD3d at 815). "Other relevant factors include which alternative will best promote stability, the effect of domestic violence on the child's best interests, . . . the relative fitness of the parents, the quality of the home environment, the parents' financial status, the parental guidance given to the child, the ability of each parent to provide for the child's emotional and intellectual development, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Eckstein v Young, 176 AD3d at 815 [citations and internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 171-172; Matter of Olea v Diaz, 194 AD3d at 722). Since custody determinations depend to a great extent upon an assessment of the credibility of the witnesses and the character, temperament, and sincerity of the [*2]parties, "[t]he credibility findings of the Family Court will be accorded great weight and its determinations regarding custody and [parental access] will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Eckstein v Young, 176 AD3d at 815 [internal quotation marks omitted]; see Lavery v O'Sullivan, 205 AD3d at 1014).
Here, contrary to the father's contention, the Family Court's determination to permit the mother to relocate with the child to Virginia has a sound and substantial basis in the record, based upon the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d at 174; Lavery v O'Sullivan, 205 AD3d at 1014; Matter of Eckstein v Young, 176 AD3d at 815). Among other things, the evidence established that the mother was the child's primary caretaker and was responsible for the child's medical and educational needs (see Matter of Eckstein v Young, 176 AD3d at 815). Moreover, the mother established that the child's emotional and economic circumstances, as well as her educational opportunities, would be enhanced by the mother's proposed relocation (see Matter of Yu Chao Tan v Hong Shan Kuang, 136 AD3d 933, 935; Matter of Caruso v Cruz, 114 AD3d 769, 772; Matter of Clarke v Boertlein, 82 AD3d 976, 977-978; cf. Matter of Barker v Rohack, 173 A3d 1173, 1175). Further, in making its determination, the court properly considered the effects of domestic violence upon the child (see Levitin v Levitin, 167 AD3d 589, 590). Although relocation will have an inevitable impact on the father's parenting time, the court directed a liberal parental access schedule that included alternating weekends, extended summer visits, and visits during school vacations, which will allow for the continuation of a meaningful relationship between the father and the child (see Matter of Banks v DeLeon, 174 AD3d 598, 600; Matter of Dockery v Reid-O'Garro, 161 AD3d 1147, 1148-1149).
The father's remaining contentions are without merit.
Accordingly, the Family Court properly granted that branch fo the mother's petition which was for permission to relocate with the child to Virginia.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court