Matter of Vidal v Taneja (2023 NY Slip Op 03795)

Matter of Vidal v Taneja

2023 NY Slip Op 03795

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-02728 
2022-02729
2022-02730
 (Docket Nos. V-22907-19, V-23576-19)

[*1]In the Matter of Ligia Vidal, respondent,
v
Danesh Kumar Taneja, appellant. (Proceeding No. 1.)
In the Matter of Danesh Kumar Taneja, appellant,
v
Ligia Vidal, respondent. (Proceeding No. 2.)

Geffner Kersch P.C., Garden City, NY (Alisa Geffner of counsel), for appellant.
Holtzman Helfman, PLLC, New York, NY (Cindy Helfman of counsel), for respondent.
Todd D. Kadish, Great Neck, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) a decision of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated March 28, 2022, (2) an order of the same court, also dated March 28, 2022, and (3) an order of the same court dated March 31, 2022. The order dated March 28, 2022, upon the decision, made after a hearing, in effect, denied the father's petition for sole legal and physical custody of the parties' child. The order dated March 31, 2022, insofar as appealed from, upon the decision, granted the mother's petition for sole legal and physical custody of the parties' child with permission to relocate with the child to Florida, and set forth a parental access schedule.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order dated March 28, 2022, is affirmed; and it is further,
ORDERED that the order dated March 31, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the mother.
The parties, who were never married, have one child together, born in 2018. In 2019, the mother filed a petition for sole legal and physical custody, with permission to relocate to Florida, where the parties had met and lived together, and where the mother's family lived. The same day, [*2]the father took the child from the parties' home without the mother's knowledge. The father produced the child in court three days later in response to a signed writ of habeas corpus. The father thereafter filed a petition for sole legal and physical custody of the child. After a hearing, the Family Court granted the mother's petition for sole legal and physical custody with permission to relocate with the child to Florida, in effect, denied the father's petition for sole legal and physical custody, and set a parental access schedule for the father. The father appeals.
"The court's paramount concern when making any custody determination is the best interests of the children, as determined upon a consideration of the totality of the circumstances" (Cohen v Cohen, 177 AD3d 848, 850 [citations omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). "Where, as here, a party seeks permission to relocate in the context of a petition seeking an initial custody determination, the strict application of the factors relevant to a relocation petition is not required" (Matter of Lawrence v Mattry, 179 AD3d 687, 687-688). "Rather, the relocation is but one factor among many for the Family Court to consider in determining what is in the best interests of the child" (id. at 688). Other relevant factors include "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (id. at 687 [internal quotation marks omitted]). "Since custody determinations depend to a great extent upon the Family Court's assessment of the character and credibility of the parties and witnesses, deference is accorded to that court's credibility findings" (Matter of Williamson v Williamson, 182 AD3d 604, 606 [internal quotation marks omitted]).
Here, giving appropriate deference to the Family Court's credibility findings, the record demonstrates, among other things, that both parents are fit and able to provide for the child financially and emotionally, but that the mother is more likely to promote the relationship between the child and the noncustodial parent and that an award of custody to the mother would best promote stability, as she has been the child's primary caretaker since birth (see Matter of Martinez v Driscoll, 209 AD3d 653, 655). The record further demonstrates that the parties had moved to New York from Florida only for the mother's medical residency program, that they had intended to return to Florida, where the mother's family lived, and that the father, who was from Chicago, had obtained employment in North Carolina. Under the totality of the circumstances, the court's determination that it was in the best interests of the child to award the mother sole legal and physical custody, with permission to relocate with the child to Florida, has a sound and substantial basis (see id. at 655; Matter of Eckstein v Young, 176 AD3d 813, 816).
Finally, given the limited information available regarding the father's future plans for his own place of residence, the Family Court providently exercised its discretion in crafting the parental access schedule, which was in the best interests of the child and was supported by a sound and substantial basis in the record (see Matter of Lyons v Sepe, 163 AD3d 567, 569; Matter of Morris v Morris, 156 AD3d 702, 704).
The father's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court