Matter of Wright v Burke (2024 NY Slip Op 01815)

Matter of Wright v Burke

2024 NY Slip Op 01815

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-04989
 (Docket Nos. V-3558-21, V-5495-21)

[*1]In the Matter of Alex Wright, respondent,
v
Sanchel Burke, appellant. (Proceeding No. 1.)
In the Matter of Sanchel Burke, appellant,
v
Alex Wright, respondent. (Proceeding No. 2.)

Yonatan S. Levoritz, New York, NY, for appellant.
Zelenitz, Shapiro & D'Agostino, P.C., Kew Gardens, NY (David A. Shapiro and Emily Kearney of counsel), for respondent.
Liberty Aldrich, Brooklyn, NY (Leah Edmunds and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Lisa Friederwitzer, J.), dated March 17, 2023. The order, insofar as appealed from, after a hearing, upon awarding the mother sole legal and physical custody of the parties' child, imposed the conditions on that award that the mother relocate with the child to New York City and enroll the child in a school in Brooklyn within a 20-minute commute of the father's residence, directed that if the mother failed to abide by those conditions, the father would be awarded sole legal and physical custody of the child, and set forth a parental access schedule premised on the mother's relocation to New York City. By decision and order on motion dated July 28, 2023, this Court granted the mother's motion to stay enforcement of so much of the order as awarded her sole legal and physical custody of the child on condition that, inter alia, she relocates with the child to New York City by a certain date and directed that if the mother failed to abide by such condition, the father would be awarded sole legal and physical custody of the child, pending hearing and determination of the appeal.
ORDERED that the order is reversed insofar as appealed from, on the facts, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, to establish an appropriate parental access schedule for the father; and it is further,
ORDERED that pending the determination of a new parental access schedule, the parental access schedule set forth in a temporary order of parental access of the same court dated November 16, 2021, shall remain in effect.
The parties, who never married, are the parents of one child. The father resides in Brooklyn, and in 2021, the mother and the child relocated from Brooklyn to Binghamton. Thereafter, the father filed a petition for sole legal and physical custody of the child, and the mother filed a petition for sole legal and physical custody of the child. In an order dated March 17, 2023, the Family Court, after a hearing, inter alia, awarded the mother sole legal and physical custody of the child on the conditions that she relocate with the child from Binghamton to New York City and enroll the child in a school in Brooklyn within a 20-minute commute of the father's residence. The court also directed that if the mother failed to abide by those conditions by a certain date, the father would be awarded sole legal and physical custody of the child. The court set forth a parental access schedule for the father premised on the mother's relocation to New York City. The mother appeals.
"The court's paramount concern when making any custody determination is the best interests of the children, as determined upon a consideration of the totality of the circumstances" (Matter of Vidal v Taneja, 218 AD3d 594, 595 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 172-174). Where, as here, "the mother's relocation . . . precipitated the commencement of these proceedings, the matter concerns an initial custody determination, and, therefore, the strict application of the factors applicable to relocation petitions is not required" (Matter of Wright v Stewart, 131 AD3d 1256, 1257; see Matter of Santano v Cezair, 106 AD3d 1097, 1098). "Rather, the relocation is but one factor among many for the Family Court to consider in determining what is in the best interests of the child" (Matter of Vidal v Taneja, 218 AD3d at 595 [internal quotation marks omitted]). Other relevant factors for consideration include "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890; see Matter of Devine v Dominguez, 210 AD3d 768, 769). "Since the Family Court's determination with respect to custody and [parental access] depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Graffagnino v Esposito, 223 AD3d 805, 807 [internal quotation marks omitted]).
Viewing the totality of the circumstances, particularly the past performance of the mother in caring for the child, the child's academic performance and success at making friends in Binghamton, the child's need for stability, and the child's stated wishes, there is a sound and substantial basis in the record for the Family Court's conclusion that the child's best interests are served by awarding the mother sole legal and physical custody of the child (see Matter of Clarke v Clarke, 222 AD3d 751, 752; Matter of Patten v Patten, 206 AD3d 811, 812). However, the court's determination that the child's best interests are served by relocating with the mother to New York City, which was primarily based on a finding that the child's relocation to Binghamton threatened the child's relationship with the father, lacks a sound and substantial basis in the record (cf. Matter of Hall v Hall, 118 AD3d 879, 881). We note that "a liberal [parental access] schedule . . . will allow for the continuation of a meaningful relationship between the father and the child" (id. at 881).
Accordingly, the Family Court should have awarded the mother sole legal and physical custody of the child without imposing the conditions related to the mother and the child relocating to New York City. Inasmuch as the parental access schedule was premised upon the mother's relocation to New York City, we remit the matter to the Family Court, Kings County, to establish the father's parental access schedule in light of the mother's present location, including shared costs of traveling guided by the "economic realities of the case" (Ingarra v Ingarra, 271 AD2d 573, 574). The parties shall abide by the terms of a temporary order of parental access dated November 16, 2021, pending the determination of a new parental access schedule.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court