Matter of Miller v Perez (2024 NY Slip Op 05980)

Matter of Miller v Perez

2024 NY Slip Op 05980

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-02422
2024-00838
 (Docket No. V-3183-20)

[*1]In the Matter of Nathaniel Miller, appellant,
v
Jackie Perez, respondent.

Carl D. Birman, Albany, NY, for appellant.
Guttridge & Cambareri, P.C., White Plains, NY (John C. Guttridge, Scott Stone, and Kaitlyn B. Guttridge of counsel), for respondent.
Jennifer M. Jackman, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Westchester County (Wayne A. Humphrey, J.), dated February 3, 2023, and (2) an order of the same court dated January 5, 2024. The order dated February 3, 2023, insofar as appealed from, after a fact-finding hearing, denied that branch of the father's petition which was for sole physical custody of the parties' child and awarded the mother sole physical custody of the child. The order dated January 5, 2024, set forth a parental access schedule.
ORDERED that the order dated February 3, 2023, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated January 5, 2024, is affirmed, without costs or disbursements.
The parties, who were never married, have one child together, born in August 2019. In May 2020, the mother left the parties' apartment in White Plains with the child and went to stay with her parents in North Carolina. The father filed a petition for custody and parental access. The mother and the child continued to reside in North Carolina at the time of the fact-finding hearing. After the fact-finding hearing, in an order dated February 3, 2023, the Family Court, inter alia, denied that branch of the petition which was for sole physical custody of the child and determined that it was in the best interests of the child for the mother to be awarded sole physical custody of the child. In an order dated January 5, 2024, the court set forth a parental access schedule.
"'A court deciding an initial petition for child custody must determine what is in the child's best interests'" (Matter of Alvarado v Cordova, 158 AD3d 794, 794, quoting Matter of Supangkat v Torres, 101 AD3d 889, 889-890). Where a party seeks permission to relocate in the context of a petition seeking an initial custody determination, the strict application of the factors relevant to a relocation petition is not required (see Matter of Lawrence v Mattry, 179 AD3d 687, 687-688). Rather, the relocation is but one factor among many for the Family Court to consider in [*2]determining what is in the best interests of the child (see id.). Among the factors to be considered are the reasons for each party seeking or opposing relocation and the impact the move will have on the quantity and quality of the child's future contact with the noncustodial parent (see Matter of Bailey v Ayoub, 203 AD3d 1043, 1044). Other relevant factors include "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Lawrence v Mattry, 179 AD3d at 687 [internal quotation marks omitted]). "'Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record'" (Matter of Soto v Marrero, 214 AD3d 814, 815, quoting Matter of Langenau v Hargrove, 198 AD3d 650, 651-652). "Custody determinations will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Valentin v Valentin, 176 AD3d 1083, 1084).
Here, giving appropriate deference to the Family Court's credibility findings, the record demonstrates, among other things, that both parents are fit and able to provide for the child financially and emotionally, but an award of sole physical custody to the mother would best promote stability, as she has been the child's primary caretaker since the child's birth (see Matter of Martinez v Driscoll, 209 AD3d 653, 655). Under the totality of the circumstances, the court's determination that it was in the best interests of the child to award the mother sole physical custody has a sound and substantial basis in the record (see id.).
Moreover, the Family Court was not required to accept the recommendation of the forensic evaluator (see Matter of Pritchard v Coelho, 177 AD3d 887, 888). The recommendation was but one factor to be considered and was entitled to some weight but was not determinative and did not usurp the judgment of the court (see Cunningham v Brutman, 150 AD3d 815, 816). The court adequately explained its reasons for awarding sole physical custody to the mother, and its rationale is amply supported by the record (see Ambrose v Ambrose, 176 AD3d 1148, 1150-1151).
Contrary to the father's further contention, the Family Court providently exercised its discretion in crafting the parental access schedule, which was in the best interests of the child and was supported by a sound and substantial basis in the record (see Matter of Banks v DeLeon, 174 AD3d 598, 600). Although relocation will have an inevitable impact on the father's ability to spend time with the child, the court fashioned a liberal parental access schedule that will allow for the continuation of a meaningful relationship between the father and the child (see id.).
The father's remaining contention is not properly before this Court.
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court