Matter of Plica v Almonte (2024 NY Slip Op 06048)

Matter of Plica v Almonte

2024 NY Slip Op 06048

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-08564
 (Docket No. V-4357-16/22A)

[*1]In the Matter of Amy Plica, respondent,
v
Alex Almonte, appellant.

Susan A. DeNatale, Bayport, NY, for appellant.
Geffner Kersch, P.C., Garden City, NY (Alisa J. Geffner of counsel), for respondent.
Colleen R. Nugent, Amityville, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Catherine E. Miller, Ct. Atty. Ref.), dated September 23, 2022. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify a so-ordered stipulation of settlement dated May 8, 2017, so as to permit her to relocate with the parties' child to Wisconsin.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child together, born in 2015. They separated in 2016. Pursuant to a so-ordered stipulation of settlement dated May 8, 2017 (hereinafter the stipulation), the parties agreed that the mother would have sole custody of the child, with certain parental access to the father. On June 8, 2022, the mother filed a petition to modify the stipulation so as to permit her to relocate with the child to Wisconsin. After a hearing, the Family Court granted the mother's petition. The father appeals.
"A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed relocation would be in the child's best interests" (Matter of Lazaroff v Acevedo, 193 AD3d 738, 738; see Matter of Tropea v Tropea, 87 NY2d 727, 741). "In determining whether relocation is appropriate, the court must consider a number of factors including each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and the child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Morgan v Eckles, 214 AD3d 983, 984-985 [internal quotation marks omitted]; see Matter of Banks v DeLeon, 174 AD3d 598, 599). "The weighing of these various factors requires an evaluation of the testimony, character, and sincerity of all the parties involved" (Matter of Feery v Feury, 168 AD3d 729, 730). "Generally, such an evaluation can best be made by the Family Court, which had direct access to the parties and [*2]witnesses, and, therefore, deference is accorded to the Family Court's findings in this regard" (id.; see Matter of Trentacoste v Alward, 225 AD3d 885, 886).
Here, contrary to the father's contention, the Family Court's determination to permit the mother to relocate with the child to Wisconsin has a sound and substantial basis in the record (see Matter of Hernandez v Viana, 213 AD3d 934, 936; Matter of Ventura v Huggins, 141 AD3d 600, 601). Among other things, the evidence established that the mother was the child's primary caretaker and had a better understanding of the child's medical and educational needs (see Matter of Hernandez v Viana, 213 AD3d at 936; Matter of Martinez v Driscoll, 209 AD3d 653, 655). On the other hand, the father did not demonstrate a thorough understanding of the child's medical needs, generally did not attend school meetings or events or medical appointments, and did not communicate with the child's doctors or teachers (see Matter of Hall v Hall, 118 AD3d 879, 881). Further, the father has been inconsistent in exercising his parental access (see Matter of Hamed v Hamed, 88 AD3d 791, 792). Moreover, the mother established that the relocation would enhance the lives of the mother and the child economically, emotionally, and educationally (see Matter of Picitelli v Carbone, 208 AD3d 582, 584; Matter of Gustave v Harris, 176 AD3d 937, 938).
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court