Matter of Camiyah B. (Cashimer J.) (2025 NY Slip Op 00319)

Matter of Camiyah B. (Cashimer J.)

2025 NY Slip Op 00319

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-12233
 (Docket No. N-4488-21)

[*1]In the Matter of Camiyah B. (Anonymous). Administration for Children's Services, petitioner; Cashimer J. (Anonymous), appellant; SCO Family of Services, nonparty-respondent. 

Heath J. Goldstein, Jamaica, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey L. Blinkoff of counsel), for nonparty-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Claire Merkine of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated December 4, 2023. The order granted, without a hearing, the application of nonparty SCO Family of Services to permit the foster parent to relocate with the subject child to Texas.
ORDERED that the order is affirmed, without costs or disbursements.
In June 2021, the petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child. In an order of fact-finding and disposition dated March 7, 2022, the Family Court, upon the mother's consent to a finding of neglect without admission pursuant to Family Court Act § 1051(a), found that the mother neglected the child and placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The child was subsequently placed in the foster care of her paternal grandmother (hereinafter the foster parent).
At a court appearance on November 8, 2023, SCO Family of Services (hereinafter SCO), the agency supervising the child's foster care placement, made an application to permit the foster parent to relocate with the child to Texas. Counsel for the mother opposed the application. In an order dated December 4, 2023, the Family Court granted the application without a hearing. The mother appeals.
The mother contends that the Family Court should not have allowed the child to relocate to Texas prior to the completion of the necessary process under the Interstate Compact on the Placement of Children (hereinafter ICPC). Pursuant to Social Services Law § 374-a(1)(art III)(b), "[p]rior to sending, bringing or causing any child to be sent or brought into a receiving state for placement in foster care or as a preliminary to a possible adoption, the sending agency shall [*2]furnish the appropriate public authorities in the receiving state written notice of the intention to send, bring, or place the child in the receiving state." "The child shall not be sent, brought, or caused to be sent or brought into the receiving state until the appropriate public authorities in the receiving state shall notify the sending agency, in writing, to the effect that the proposed placement does not appear to be contrary to the interests of the child" (id. § 374-a[1][art III][d]). However, pursuant to ICPC Regulation No. 1 promulgated by the Association of Administrators of the Interstate Compact on the Placement of Children (see id. § 374-a[1][art VII]), subject to certain restrictions, a child who relocates with their "approved placement resource" may be permitted to remain in the receiving state while the ICPC process is pending where the child was already placed with the "approved placement resource" in the sending state and the parties prepare an ICPC application "immediately upon the making of the decision" to relocate (ICPC Regulation No. 1[2], [5][a]).
Here, the child had already been placed with the foster parent, and the foster parent was seeking to relocate with the child, bringing this case within the ambit of ICPC Regulation No. 1. The parties timely sought permission to relocate and prepared an ICPC application, which the Family Court directed them to submit and which the sending and receiving states were required to timely rule upon (see ICPC Regulation No. 1[5][a]). At oral argument, counsel represented that although the receiving state has not yet ruled on the application, the receiving state has been providing ongoing supervision. There is no indication in the record that the ICPC application was denied by Texas. Thus, the court did not err in granting the application to relocate.
The mother further contends that the Family Court, in allowing the child to relocate, failed to consider the best interests of the child. "[I]t is for the court to determine, based on all of the proof, whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interests" (Matter of Caruso v Cruz, 114 AD3d 769, 771 [internal quotation marks omitted]). "In relocation proceedings, this Court's authority is as broad as that of the hearing court, and a relocation determination will not be permitted to stand unless it is supported by a sound and substantial basis in the record" (id. at 771-772). Here, the court's determination that the child's best interests would be served by the relocation to Texas was supported by a sound and substantial basis in the record (see Matter of Plica v Almonte, ___ AD3d ___, 2024 NY Slip Op 06048; Matter of Hernandez v Viana, 213 AD3d 934, 936).
The mother's contention that the Family Court erred in failing to conduct a full dispositional hearing is unpreserved for appellate review because she did not request a full dispositional hearing, despite having the opportunity to do so (see Matter of Thomas J. [Joan D.], 112 AD3d 718, 719). In any event, the court, which had detailed knowledge of the extensive history of the case, clearly articulated the undisputed facts that supported its determination that it was in the child's best interests to relocate, and those undisputed facts were sufficient, in and of themselves, to support that determination (see Loggia v Verardo, 167 AD3d 612, 613).
The mother's remaining contention is without merit.
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court