Matter of Pryce v Truss (2025 NY Slip Op 04485)

Matter of Pryce v Truss

2025 NY Slip Op 04485

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-03150
2024-03153
 (Docket Nos. V-4273-20, V-4699-20)

[*1]In the Matter of Earl Trevor Pryce, respondent,
v
Tijera Cliché Truss, appellant. (Proceeding No.)
In the Matter of Tijera Cliché Truss, appellant,Earl Trevor Pryce, respondent. (Proceeding No. 2.)

Martha Krisel, New York, NY, for appellant.
Brian D. Perskin & Associates, P.C., Brooklyn, NY, for respondent.
Deena L. Moskowitz, Woodmere, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from two orders of the Family Court, Nassau County (Joy M. Watson, J.), both dated March 26, 2024. The first order, insofar as appealed from, after a hearing, in effect, denied that branch of the mother's petition which was for permission to relocate to California with the parties' child. The second order, insofar as appealed from, set forth a parental access schedule for the father which included mid-week and certain holiday access and directed that the child must reside within a 30-mile radius of the father's residence.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, are the parents of a child born in May 2018. In July 2020, the mother relocated with the child to California without the father's permission. In August 2020, the father served the mother with a writ of habeas corpus and also filed a petition, inter alia, for sole custody of the child. The mother returned to New York with the child and filed a petition for sole custody of the child and for permission to relocate to California with the child. In an order dated March 26, 2024, after a hearing, the Family Court, among other things, granted that branch of the mother's petition which was for residential custody of the child and, in effect, denied that branch of her petition which was for permission to relocate to California with the child (hereinafter the first order). In a separate order also dated March 26, 2024, the court, inter alia, set forth a parental access schedule for the father which included mid-week and certain holiday access and directed that the child must reside within a 30-mile radius of the father's residence (hereinafter the second order).
"'A court deciding an initial petition for child custody must determine what is in the child's best interests'" (Matter of Lawrence v Mattry, 179 AD3d 687, 687 [internal quotation marks omitted], quoting Matter of Alvarado v Cordova, 158 AD3d 794, 794). Where, as here, "a party seeks permission to relocate in the context of a petition seeking an initial custody determination, the strict application of the factors relevant to a relocation petition is not required" (Matter of Miller v Perez, 232 AD3d 898, 899). "Rather, the relocation is but one factor among many for the Family Court to consider in determining what is in the best interests of the child" (id.). "Other relevant factors include which alternative will best promote stability, the effect of domestic violence on the child's best interests, and the relative fitness of the parents, the quality of the home environment, the parents' financial status, the parental guidance given to the child, the ability of each parent to provide for the child's emotional and intellectual development, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Eckstein v Young, 176 AD3d 813, 815 [citations and internal quotation marks omitted]). "'The weighing of these . . . factors requires an evaluation of the testimony, character, and sincerity of all the parties involved. Generally, such an evaluation can best be made by the Family Court, which had direct access to the parties and witnesses, and, therefore, deference is accorded to the Family Court's findings in this regard'" (Matter of Trentacoste v Alward, 225 AD3d 885, 886, quoting Matter of Feery v Feury, 168 AD3d 729, 730). The Family Court's determinations will be upheld if supported by a sound and substantial basis in the record (see Morellis v Morellis, 235 AD3d 636, 637).
Here, the Family Court's determination, in effect, to deny that branch of the mother's petition which was for permission to relocate to California with the child and to direct that the child must reside within a 30-mile radius of the father's residence is soundly supported by the record. The court, upon weighing the appropriate factors set forth in Matter of Tropea v Tropea (87 NY2d 727), properly determined that relocation was not in the child's best interests (see Matter of Lyons v Sepe, 163 AD3d 567, 569). The court properly examined the relevant factors, including testimony concerning domestic violence between the parties (see Domestic Relations Law § 240[1]).
Furthermore, the Family Court providently exercised its discretion in setting forth in the second order a parental access schedule which included mid-week and certain holiday access for the father (see Matter of Haase v Jones, 230 AD3d 774, 779-780; Twersky v Twersky, 103 AD2d 775, 775-776).
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court