Matter of Brown v Dimmie (2025 NY Slip Op 05235)

Matter of Brown v Dimmie

2025 NY Slip Op 05235

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-12684 
2024-12687
 (Docket Nos. V-2760-23, V-3140-23)

[*1]In the Matter of Jermaine Brown, respondent,
v
Corinthian Dimmie, appellant. (Proceeding No. 1)
In the Matter of Corinthian Dimmie, appellant.
v
Jermaine Brown, respondent. (Proceeding No. 2)

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Salvatore C. Adamo, New York, NY, for respondent.
Andrew W. Szczesniak, White Plains, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from two orders of the Family Court, Dutchess County (Jeffrey C. Martin, J.), both dated October 29, 2024. The first order, after a hearing, dismissed the mother's petition for custody of the parties' children and, in effect, for permission to relocate with the children to Georgia. The second order, in effect, granted the father's petition for custody of the children to the extent of awarding the parties joint legal custody of the children and awarding the father primary physical custody of the children, with parental access to the mother.
ORDERED that the orders are affirmed, without costs or disbursements.
The parties, who were never married to each other, have two children together, born in 2013 and 2021, respectively. Beginning in 2020, the parties maintained an informal custody arrangement pursuant to which they had relatively equal parenting time. In April 2023, the mother moved with the children from New York to Georgia without the father's consent. In early June 2023, the children returned to New York for parenting time with the father during summer break. In July 2023, the father filed a petition for custody of the children. Thereafter, the mother filed a petition for the same relief and, in effect, for permission to relocate with the children to Georgia. In August 2023, the father was awarded temporary legal and physical custody of the children. After a hearing, the Family Court dismissed the mother's petition and, in effect, granted the father's petition to the extent of awarding the parties joint legal custody of the children and awarding the father primary physical custody of the children, with parental access to the mother. The mother appeals.
The court's paramount concern in a custody dispute is to determine, under the totality [*2]of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171-172; Matter of Steward v Okon, 238 AD3d 1055, 1056). "In determining an initial petition for child custody, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Steward v Okon, 238 AD3d at 1056-1057 [internal quotation marks omitted]; see Matter of Trentacoste v Alward, 225 AD3d 885, 886).
"Where, as here, a party seeks permission to relocate in the context of a petition seeking an initial custody determination, the strict application of the factors relevant to a relocation petition is not required. Rather, the relocation is but one factor among many for the Family Court to consider in determining what is in the best interests of the child" (Matter of Trentacoste v Alward, 225 AD3d at 886 [citation and internal quotation marks omitted]; see Matter of Lawrence v Mattry, 179 AD3d 687, 687-688). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Miller v Perez, 232 AD3d 898, 899 [internal quotation marks omitted]; see Matter of Bristow v Patrice, 221 AD3d 684, 685).
Here, the Family Court's determination that it was in the children's best interests to award the parties joint legal custody with primary physical custody to the father has a sound and substantial basis in the record (see Matter of Miller v Perez, 232 AD3d at 899; Matter of Lawrence v Mattry, 179 AD3d at 688). As there is no evidence that the parties are so hostile or antagonistic toward each other that they would be unable to put aside their differences for the good of the children, the court properly awarded the parties joint legal custody (see Matter of Trentacoste v Alward, 225 AD3d at 887; Matter of McFarlane v Sapeg, 225 AD3d 766, 767). Moreover, the evidence presented at the hearing established, inter alia, that an award of primary physical custody to the father would best promote stability in the children's lives and that the father was the parent most likely to foster the other parent's relationship with the children (see Matter of Gleason v Ireland, 240 AD3d 494; Matter of Steward v Okon, 238 AD3d at 1057). Contrary to the mother's contention, the court did not fail to give proper consideration to alleged incidents of domestic violence (see Matter of Steward v Okon, 238 AD3d at 1057; Matter of Devine v Dominguez, 210 AD3d 768, 769) or the fact that one of the children's half-brothers resides with the mother (see Matter of Clarke v Clarke, 222 AD3d 751, 753).
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court