Matter of Grajales v Trotman (2026 NY Slip Op 00896)

Matter of Grajales v Trotman

2026 NY Slip Op 00896

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2022-09765
 (Docket No. V-19625-19)

[*1]In the Matter of Melissa Grajales, respondent,
vJoshua Trotman, appellant.

Tammi D. Pere, Jamaica, NY, for appellant.
Elliot Green, Brooklyn, NY, for respondent.
Christian P. Myrill, Jamaica, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Joseph J. Esposito, J.), dated October 28, 2022. The order, upon a decision of the same court dated October 26, 2022, made after a hearing, granted the mother's petition for sole legal and physical custody of the parties' child. The notice of appeal from the decision is deemed to be a notice of appeal from the order (see CPLR 5512[a]).
ORDERED that the order is affirmed, without costs or disbursements.
The mother and the father, who were never married to each other, have one child together. In September 2019, the mother filed a petition for sole legal and physical custody of the child. After conducting a hearing, the Family Court granted the mother's petition and awarded her sole legal and physical custody of the child. The father appeals.
In a child custody case, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Bell v Pierre, 239 AD3d 973, 974). In making an initial child custody determination, the court should consider several factors, including, but not limited to, the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent (see Matter of Bell v Pierre, 239 AD3d at 974-975; Matter of Eckstein v Young, 176 AD3d 813, 815). Further, if domestic violence is alleged and proven by a preponderance of the evidence, then the court must consider the impact of such domestic violence upon the best interests of the child (see Matter of Bell v Pierre, 239 AD3d at 975).
Any custody determination depends to a great extent upon the hearing court's assessment of the witnesses' credibility and the character, temperament, and sincerity of the parties (see Matter of Bell v Pierre, 239 AD3d at 975; Matter of Eckstein v Young, 176 AD3d at 815). The hearing court's credibility findings are accorded great weight and its custody determination should [*2]not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Bell v Pierre, 239 AD3d at 975; Matter of Eckstein v Young, 176 AD3d at 815).
Here, the Family Court's determination granting the mother's petition for sole legal and physical custody of the child has a sound and substantial basis in the record and should not be disturbed. In reaching its determination, the court credited the testimony of the mother that she has been the primary caretaker of the child and found that although the father also loves the child, the father was not credible with respect to some of the issues pertaining to the best interests of the child (see Matter of Vidal v Taneja, 218 AD3d 594, 595).
Contrary to the contention of the attorney for the child, the appeal is not academic (see Wisholek v Douglas, 97 NY2d 740, 742). The father's remaining contentions are either unpreserved for appellate review or without merit.
DUFFY, J.P., WOOTEN, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court