Matter of Burrus v Vargas

2026 NY Slip Op 01961

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Tiwan Burrus, respondent,

v

Aliya Vargas, appellant. (Proceeding No. 1)

In the Matter of Aliya Vargas, appellant,

Tiwan Burrus, respondent. (Proceeding No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-01945, (Docket Nos. V-34940-19, V-1352-22)

Mark C. Dillon, J.P.

William G. Ford

Helen Voutsinas

James P. Mccormack, JJ.

Christine Theodore, Spring Valley, NY, for appellant.

Amy J. Barrett, New York, NY, for respondent.

Liberty Aldrich, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the child.

[*1]

DECISION & ORDER

In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Jamila Cha-Jua-Lee, Ct. Atty. Ref.), dated January 25, 2024. The order, after a hearing, in effect, granted the father's petition for joint custody of the parties' child to the extent of awarding the parties joint legal custody of the child, with final decision-making authority to the father, and awarding the father residential custody of the child, with parental access to the mother and, in effect, denied the mother's petition for sole custody of the child.

ORDERED that the order is affirmed, without costs or disbursements.

The mother and the father, who were never married to each other, are the parents of one child. In 2019, the father filed a petition for joint custody of the child, and in 2022, the mother filed a petition for sole custody of the child. After a hearing, the Family Court, in effect, granted the father's petition to the extent of awarding the parties joint legal custody of the child, with final decision-making authority to the father, and awarding the father residential custody of the child, with parental access to the mother and, in effect, denied the mother's petition. The mother appeals.

"The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances" (Matter of Abraham v Banaszek, 242 AD3d 878, 879 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). "In making an initial child custody determination, the court should consider several factors, including, but not limited to, the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Grajales v Trotman, ____ AD3d ____, ____, [*2]2026 NY Slip Op 00896, *1; see Matter of Brathwaite v Lightsey, 242 AD3d 883,884). "Insofar as custody determinations largely turn on assessments of the credibility, character, temperament, and sincerity of the parties, the hearing court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Bell v Pierre, 239 AD3d 973, 975 [internal quotation marks omitted]; see Matter of Duran v Contreras, 227 AD3d 1068, 1069-1070).

Here, the Family Court's determination that the best interests of the child would be served by awarding the father residential custody and final decision-making authority has a sound and substantial basis in the record and should not be disturbed (see Matter of Taveras v Aguirre, 238 AD3d 774, 775; Matter of Scott v Hendy, 216 AD3d 1099, 1100). In reaching its determination, the court credited the testimony of the father and found that although both parents love the child, the mother was not credible with respect to some of the issues pertaining to the best interests of the child (see Matter of Grajales v Trotman, ____ AD3d at ____, 2026 NY Slip Op 00896, *2, citing Matter of Vidal v Taneja, 218 AD3d 595, 595).

Moreover, the evidence adduced at the hearing demonstrated, among other things, that the father is better suited to promote stability in the child's life and more likely to foster the mother's relationship with the child (see Matter of Brathwaite v Lightsey, 242 AD3d at 885, citing Matter of Acevedo v Cassidy, 236 AD3d 645, 647). Although a court should be reluctant to separate a child from his or her siblings, here, the child's need for stability outweighs the preference for her to remain with her half-brother (see id., citing Matter of Clarke v Clarke, 222 AD3d 751, 753).

The remaining contentions either are unpreserved for appellate review or need not be addressed in light of our determination.

DILLON, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court